James **HAJEK**, Petitioner,

v.

**BILL MOWBRAY MOTORS,
INC.**, Respondent.

No. C-1806.

Supreme Court of Texas.

March 16, 1983.

---

Costilla & Stapleton, Edward A. Stapleton, III, Brownsville, for petitioner.

O'Leary, Sanchez & Benton, Robert A. Whittington, Brownsville, for respondent.

PER CURIAM.

Bill Mowbray Motors, Inc. sued James Hajek for libel and sought a temporary injunction to prevent Hajek from driving

his vehicle in the community with a defamatory message painted on all four sides that Mowbray Motors sold him a "lemon." The trial court granted the temporary injunction and the court of appeals affirmed. 645 S.W.2d 827. We reverse the judgments of the courts below and dissolve the temporary injunction.

We must address a preliminary question of this Court's jurisdiction. Prior to 1981, the temporary injunction appeal statute specifically provided, "Such case may be heard in the Court of Civil Appeals or Supreme Court ...," and included other references implying the availability of Supreme Court review. See Tex.Rev.Civ.Stat. Ann. art. 4662 (1925). We construed these provisions as granting jurisdiction to this Court to review orders granting or denying a temporary injunction where the main case out of which the application for injunction grew was a case over which we had jurisdiction. See Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417, 418–19 (1959); Weaver v. Board of Trustees of Wilson Independent School Dist., 143 Tex. 152, 183 S.W.2d 443 (1944).

In 1981 the legislature amended article 4662[1] to state that a party only "may appeal from such order or judgment to the Court of Appeals." This amendment limits our jurisdiction over appeals from the granting or denying of a temporary injunction.

Absent a special statute granting jurisdiction, article 1821 makes final in the court of appeals decisions reviewing interlocutory orders made appealable to the court of appeals. The two exceptions are: (1) where there is a dissent upon a question of law material to the decision, and (2) where the court of appeals' holding on a material question of law conflicts with a prior decision of another court of appeals or this Court. International Harvester Co. v. Stedman, 159 Tex. 593, 324 S.W.2d 543, 545–46 (1959); State v. Wynn, 157 Tex. 200, 301 S.W.2d 76, 78–79 (1957). This general

---

1. Statutory references by article numbers alone are to the current Texas Revised Civil Statutes Annotated. References to rules are to the Texas Rules of Civil Procedure.

rule now applies to temporary injunctions, since the legislature no longer designates them a special type of interlocutory order appealable to this Court. *Southwest Weather Research, Inc. v. Jones, supra,* 327 S.W.2d at 418.

Hajek urges this Court has jurisdiction because the court of appeals' decision conflicts with *Stansbury v. Beckstrom,* 491 S.W.2d 947 (Tex.Civ.App.—Eastland 1973, no writ). *See* Article 1728(2). We agree that we have jurisdiction because of this conflict.

■ The temporary injunction granted by the trial court constitutes a prior restraint on free speech. Our Constitution provides, in part:

> Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. Tex. Const. art. I, § 8.

The language enjoined here evoked no threat of danger to anyone and, therefore, may not be subject to the prior restraint of a temporary injunction. Defamation alone is not a sufficient justification for restraining an individual's right to speak freely. *Ex parte Tucker,* 110 Tex. 335, 220 S.W. 75, 76 (1920).

Because the decision of the court below conflicts with article I, section 8 of the Texas Constitution and *Ex parte Tucker, supra,* we grant the application for writ of error and, without oral argument, reverse the judgment of the court of appeals and dissolve the temporary injunction. Rule 483.