**Nand KARAMCHANDANI, Appellant,**

v.

**GROUND TECHNOLOGY, INC., Appellee.**

**No. C14–83–810CV.**

Court of Appeals of Texas, Houston (14th Dist).

June 28, 1984.

Spencer H. Gardner, Houston, for appellant.

Clinton P. Hackney, William J. Joseph, Jr., Edward S. Hubbard, Joseph J. Slama, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SEARS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from an order granting a temporary injunction. Appellant had filed suit seeking liquidation of appellee's assets. As a forty percent stockholder in appellee, appellant had access to information concerning appellee's clients. On or about September 17, 1983, George C. Stradley, a client of appellee, received an unsigned, undated letter requesting his assistance in the suit. Attached was a copy of the petition which had been filed. A similar letter and attachment were received by the Construction Division of the Department of Public Works for the City of Houston, from whom appellee receives orders for over fifty percent of its work. On September 22, appellee filed an application for a temporary restraining order and injunction to enjoin appellant from writing letters to clients of appellee which would interfere with their contractual relationships. The injunction was granted on November 9. We affirm.

**582**

Appellant presents four points of error. In his first two points, he asserts that the trial court abused its discretion by granting the temporary injunction because it constituted a restraint on his freedom of publication in violation of the Texas Constitution, Article I, Section 8. Appellant also argues that an injunction is an improper action to attempt to create a prior restraint on freedom of speech and publication. We disagree.

In support of his position, appellant relies on *Hajek v. Bill Mowbray Motors, Inc.*, 647 S.W.2d 253 (Tex.1983) and *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971). In *Hajek*, the Texas Supreme Court reversed an injunction prohibiting Hajek from driving an automobile with a message painted on all four sides that the dealership had sold him a "lemon." In *Keefe*, the U.S. Supreme Court held that an injunction could not be granted against a community organization for distributing informational leaflets to the public critical of a real estate broker's activities. Peaceful distribution of this type of informational literature to the public is protected by the First Amendment.

These cases are distinguishable. Here the injunction was granted to prevent harm from private communication, and to preserve the status quo. The communication was to specific individuals with the intention of coercing them to discontinue business with appellee. Information concerning those to whom the letters were written was obtained through the special relationship of the parties. The trial court acted within its discretion in granting the injunction based upon the facts of this case. Appellant's first and second points of error are overruled.

Appellant's third and fourth points of error contend that there was insufficient evidence that appellant attempted to interfere with appellee and its clients or that such interference was causing irreparable harm. The trial court possesses broad discretion in issuing a temporary injunction. Its ruling should not be overturned absent a clear abuse of that discretion. *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952).

There was evidence which the trial court could have concluded indicated that the letters to appellee's clients were written and sent by appellant. They were sent to appellee's major clients and stated that liquidation of appellee's business assets was being sought. The potential harm is obvious. The injunction was narrow and precise and prohibited only the sending of letters which could have caused irreparable harm and would have disturbed the status quo. This is sufficient to support the temporary injunction. There was no abuse of discretion. Appellant's third and fourth points of error are overruled.

The order of the trial court is affirmed.