02-10-069-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

NO. 02-10-00069-CV

 

 


 
 
 TOWN OF FLOWER MOUND, TEXAS
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 MOCKINGBIRD PIPELINE, L.P.
 
 
  
 
 
 APPELLEE
 
 


 

                                                                                                                             

------------

 

FROM THE
PROBATE COURT OF DENTON COUNTY

 

------------

 

OPINION

 

------------

I.  Introduction

Appellant Town of Flower Mound, Texas, attempts to bring
an interlocutory appeal of the Denton County Probate Court’s denial of its plea
to the jurisdiction in favor of Appellee Mockingbird Pipeline, L.P.  See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008).  We
dismiss the appeal for want of jurisdiction.

II.  Factual and Procedural Background

Mockingbird, a gas corporation, filed a condemnation
action under section 181.004 of the utilities code to obtain a pipeline
easement on property owned by Flower Mound, a home-rule municipality.  The
probate court issued an order appointing special commissioners to assess
condemnation damages.  The special commissioners awarded $69,170 as damages, Mockingbird
deposited this amount into the probate court’s registry, and both parties filed
objections to the award.  Flower Mound also filed a plea to the jurisdiction,
arguing that it was entitled to governmental immunity from suit and that
Mockingbird had not established a waiver of its immunity.  Mockingbird
responded that Flower Mound’s immunity had been waived under section 181.004.

The probate court denied Flower Mound’s plea to the
jurisdiction, and Flower Mound filed a notice of appeal under civil practice
and remedies code section 51.014(a)(8).  Mockingbird filed a motion to dismiss
the appeal for want of jurisdiction.

III.  Jurisdiction

Although Flower Mound brings three issues, we must first
address Mockingbird’s motion to dismiss the appeal.  See, e.g., Royal Indep.
Sch. Dist. v. Ragsdale, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.]
2008, no pet.) (stating that before reaching the merits of the parties’ issues,
the court must inquire into its own jurisdiction).

A.  Motion to Dismiss

Mockingbird argues that this appeal should be
dismissed for want of jurisdiction because section 51.014 of the civil practice
and remedies code does not expressly authorize interlocutory appeals from
statutory probate courts.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). 
Flower Mound responds with a number of arguments, which we have set out below.

B.  Standard
of Review

The standard of review—de novo—is the same with regard
to jurisdictional issues and their statutory underpinnings.  Tex. Natural
Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002)
(stating that subject matter jurisdiction is a question of law); Tarrant
County v. McQuary, 310 S.W.3d 170, 172 (Tex. App.—Fort Worth 2010, pet.
denied) (same); see also City of Rockwall v. Hughes, 246 S.W.3d
621, 625 (Tex. 2008) (setting out statutory construction standard of review). 
In construing statutes, we ascertain and give effect to the legislature’s
intent as expressed by the statutory language.  City of Rockwall, 246
S.W.3d at 625.  We construe the statutory text according to its plain and
common meaning unless a contrary intention is apparent, or unless such a
construction leads to absurd results.  Id. at 625–26.

The supreme court has stated that “[o]ur sole
objective in construing [s]ection 51.014(a)(8) is to give effect to the
Legislature’s intent.  In determining the Legislature’s intent, we begin by
looking at the plain meaning of the statute’s words.”  Tex. A & M Univ.
Sys. v. Koseoglu, 233 S.W.3d 835, 840–41 (Tex. 2007) (citations omitted). 
“We strictly construe [s]ection 51.014(a) as ‘a narrow exception to the general
rule that only final judgments are appealable.’”  Id. at 841 (quoting Bally
Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355 (Tex. 2001)).  When the
statutory text is clear, it is determinative of the legislature’s intent, and
we give meaning to the language consistent with other provisions in the
statute.  Presidio Indep. Sch. Dist. v. Scott, 309 S.W.3d 927, 930 (Tex.
2010).

C.  History of Civil Practice and Remedies Code
Section 51.014(a)(8)

Section 51.014 was enacted in 1985.  See Act of
May 17, 1985, 69th Leg., R.S., ch. 959, § 1, Tex. Gen. Laws 3242, 3280 (last
amended Act of May 24, 2011, 82nd Leg., R.S., ch. 203, § 3.01, sec. 51.014, 2011
Tex. Sess. Law. Serv. 759, 759 (West)) (current version at Tex. Civ. Prac.
& Rem. Code Ann. § 51.014).  From its 1985 enactment through numerous
amendments,[1]
including the most recent amendment in the 2011 legislative session, the first
sentence in subsection (a) has stated, “A person may appeal from an
interlocutory order of a district court, county court at law, or county
court that . . . .”  See id. § 51.014(a) (emphasis
added).

Although the language in section 51.014(a) has not
changed, language in the other subsections has.  Before the legislature’s 2005
amendments,[2]
subsection (d) stated that “a district court” may issue a written order for
interlocutory appeal and subsection (e) stated that an appeal was not stayed in
the “district court” unless the parties agreed.  In 2005, however, the
legislature amended subsections (d) and (e) as follows:

(d) A district
court, county court at law, or county court may issue a written order for
interlocutory appeal in a civil action not otherwise appealable under this
section if . . . 

 

. .
. .

 

(e) An appeal under
Subsection (d) does not stay proceedings in the trial court unless the
parties agree and the trial court, the court of appeals, or a judge of the
court of appeals orders a stay of the proceedings.

 

See Act of
May 27, 2005, 79th Leg., R.S., ch. 1051, § 1, 2005 Tex. Gen. Laws 3512, 3512–13
(emphasis added).  The bill analysis with regard to the change in subsection
(d) states, among other things, that the change was to “authorize[] a court in
a civil action, rather than a district court, . . . to permit an appeal from an
interlocutory order.”  Senate Comm. on State Affairs, Bill Analysis, Tex. S.B.
494, 79th Leg., R.S. (2005).

Effective September 1, 2011, subsection (d) now states: 
“On a party’s own motion or on its own initiative, a trial court in a
civil action may, by written order, permit an appeal from an order that is
not otherwise appealable if . . . .” [3] 
See Act of May 24, 2011, 82nd Leg., R.S., ch. 203, § 3.01, sec. 51.014,
2011 Tex. Sess. Law. Serv. 759, 759.  In short, section 51.014 continues to be
a work in progress.

D.  Flower Mound’s Arguments

We have categorized Flower Mound’s argument into five
subarguments.

1.    Purpose over Form

Flower Mound argues that a focus on the beginning
phrase of section 51.014(a) is misplaced because the statute’s purpose “is to
allow appellate review of the substance of the challenge to the trial court’s
jurisdiction, not its form.”  It points out that the supreme court stated in Thomas
v. Long, 207 S.W.3d 334, 339 (Tex. 2006), that section 51.014(a)(8)’s
purpose is to allow interlocutory appellate review when a trial court denies a
governmental unit’s challenge to subject matter jurisdiction and that under Long,
form does not matter.

In Long, the supreme court stated, “The
Legislature provided for an interlocutory appeal when a trial court denies a
governmental unit’s challenge to subject matter jurisdiction, irrespective of
the procedural vehicle used . . . .  To be entitled to an interlocutory appeal,
section 51.014(a)(8) requires the denial of a jurisdictional challenge.”  207
S.W.3d at 339.  However, although Flower Mound argues that this means that the form
of the challenge does not matter and points out that the court “did not state
that appellate review of the denial of a jurisdictional challenge could only
occur from a district or county court in order to satisfy” section 51.014(a)’s
requirements, the interlocutory appeal at issue in Long was from a district
court, not from a statutory probate court.  Id. at 336.  And the form—or
“procedural vehicle”—at issue was an implicit denial of a plea to the
jurisdiction by the trial court, which the supreme court held was sufficient to
satisfy section 51.014(a)(8).  Id. at 339–40.  The issue of whether an
interlocutory appeal from a statutory probate court could be brought under
section 51.014(a) was therefore not before the court.  Further, while the form
of the procedural vehicle—such as an implicit denial of a plea to the
jurisdiction—is irrelevant, it is not the form of the procedural vehicle that
is at issue before us.  Accordingly, Long provides us with no guidance
here.

2.    Appellate Jurisdiction

Flower Mound also contends that to hold that we lack
jurisdiction here “would greatly restrict this Court’s own jurisdiction in all
appeals that do not come from district or county courts,”—that is, in appeals from
probate courts—since the constitution and government code only mention
appellate court jurisdiction for district courts and county courts.  See
Tex. Const. art. V, § 6(a) (stating that the court of appeals shall have
appellate jurisdiction extending “to all cases of which the District Courts or
County Courts have original or appellate jurisdiction, under such restrictions
and regulations as may be prescribed by law”); Tex. Gov’t Code Ann. § 22.220(a)
(West 2010) (stating that the court of appeals has appellate jurisdiction over
all civil cases within its district of which the district courts and county
courts have jurisdiction when the amount in controversy or the judgment
rendered exceeds $250, exclusive of interest and costs).  However, the probate
code provides that “[a] final order issued by a probate court is appealable to
the court of appeals.”  See Tex. Prob. Code Ann. § 4A(c) (West 2010). 
And although the probate code does not define “final,” the supreme court has
adopted a test for determining when an order in a probate proceeding is final
for appellate purposes.  See Crowson v. Wakeham, 897 S.W.2d 779, 783
(Tex. 1995) (stating that if there is an express statute declaring the phase of
the probate proceedings to be final and appealable, that statute controls, and
setting out test for determining final orders otherwise).[4] 
And the restriction at issue here is when interlocutory appeals—a very
narrowly construed subphylum of appeal—are allowed and from which courts these
appeals can be taken, not this court’s jurisdiction in general to hear appeals.

3.    Concurrent Jurisdiction in Denton County

Flower Mound also argues that because the probate
court has concurrent jurisdiction with district courts in condemnation
proceedings by virtue of its concurrent jurisdiction with statutory county
courts in certain types of cases, and appeals in condemnation proceedings are
to occur “as in other civil cases,” the probate court here functions as a
district court, bringing it “within the ambit of [section] 51.014(a).” See
Tex. Gov’t Code Ann. § 25.0635 (West 2004); Tex. Prop. Code Ann. § 21.063 (West
2000).  Further, it contends that because property code section 21.063(a)
states that “[t]he appeal of a judgment in a condemnation proceeding is as in
other civil cases,” an interlocutory appeal under section 51.014 is permissible
here.  See Tex. Prop. Code Ann. § 21.063(a).

Denton County currently has two statutory county
courts at law[5]
and one statutory probate court.  Tex. Gov’t Code Ann. § 25.0631(a)(1)–(2), (b)
(West 2004).  In addition to the “regular” statutory probate court jurisdiction
over probate proceedings and matters arising under the health and safety code,
under government code section 25.0635(d), Denton County’s statutory probate
court has jurisdiction over eminent domain cases as provided by property code
section 21.001 for statutory county courts, “with all ancillary or pendent
jurisdiction necessary for adjudication of an eminent domain case as provided
by [s]ections 21.002 and 21.003”[6]
of the property code.  Id. §§ 25.0021, 25.0635(d) (West 2004).  Property
code section 21.001 provides that district courts and county courts at law have
concurrent jurisdiction in eminent domain cases.  Tex. Prop. Code Ann. § 21.001
(West 2004).  Property code section 21.063 states that “[t]he appeal of a
judgment in a condemnation proceeding is as in other civil cases.” See id.
§ 21.063 (West 2000).

a.     Government Code Section 25.0635

Government code section 25.0635 was enacted in 1995.  See
Act of May 19, 1995, 74th Leg., R.S., ch. 328, § 3, 1995 Tex. Gen. Laws 2833,
2833–34 (amended 2001) (current version at Tex. Gov’t Code Ann. § 25.0635). 
The 1995 version of the statute stated:

(a) A statutory
probate court in Denton County has the jurisdiction provided by law for a
county court except that the court does not have the juvenile jurisdiction,
jurisdiction over misdemeanors under Section 26.045, habeas corpus
jurisdiction, or appellate criminal jurisdiction provided by law for county courts. 
A statutory probate court has no criminal jurisdiction other than the contempt
powers provided by general law for county courts.

 

(b) A statutory
probate court has the civil jurisdiction provided by Section 25.0003 for
statutory county courts.

 

(c) A statutory
probate court has the jurisdiction provided by general law for county courts or
statutory county courts over civil penalties, forfeitures, including surety
bond forfeitures and escheats regardless of the amount in controversy or remedy
sought.

 

(d) A statutory
probate court has jurisdiction, regardless of the amount in controversy or
remedy sought, over eminent domain cases as provided by Section 21.001,
Property Code, for statutory county courts; direct and inverse condemnation
cases; adjudication and determination of land titles, whether or not ancillary
to eminent domain proceedings; partition cases; suits to quiet title; trespass
to try title; lien foreclosures; and adjudication of all freehold and leasehold
interests, easements, licenses, and boundaries of real property; with all
ancillary or pendent jurisdiction necessary for adjudication of an eminent
domain case as provided by Sections 21.002 and 21.003, Property Code.

 

Id. 
Therefore, in 1995, the Denton County statutory probate court had jurisdiction
that was more or less coextensive with that of the statutory county courts at
law except for the specific exclusions set forth in subsection (a).  The bill
analysis for the senate bill that became the 1995 statute supports this
conclusion, stating that the reason behind the expansion of jurisdiction for
the Denton County statutory probate court was “[d]ue to the increasing number
of court cases each year, [for which] Denton County has had to modify the
jurisdiction and structure of [the] courts to accommodate the crowded dockets”
and, as proposed, the bill “create[d] an additional county court and modifie[d]
other county courts to assume case overload.”[7] 
Comm. on Jurisprudence, Bill Analysis, Tex. S.B. 240, 74th Leg., R.S. (1995).

The legislature amended section 25.0635 in 2001.  See
Act of May 23, 2001, 77th Leg., R.S., ch. 635, § 2, 2001 Tex. Gen. Laws 1197,
1197 (current version at Tex. Gov’t Code Ann. § 25.0635).  The amendment
deleted most of the 1995 statute’s subsection (a) and all of subsections (b)
and (c).  Subsection (d) remained unchanged.

Subsection (a) of the 2001 version of the statute,
which remains the same in the most current version, was amended to read, “A
statutory probate court in Denton County has the jurisdiction provided by
Section 25.0021.”  Id.  Section 25.0021 provides for regular statutory
probate court jurisdiction over probate matters and some matters under the
health and safety code.[8] 
Section five of the 2001 act provided that the Denton County statutory probate
judge was to transfer “all actions, cases, matters, or proceedings over which
the court loses jurisdiction under this Act and that are pending in the court
on May 1, 2002, to a district or county court in the county with jurisdiction
over the action, case, matter, or proceeding.”  See Act of May 23, 2001,
77th Leg., R.S., ch. 635, § 5, 2001 Tex. Gen. Laws 1198, 1198.

The bill analysis for the 2001 amendment reflects that
it was generated in response to legislative recommendations that had already
been implemented to limit statutory county court jurisdiction, which did not,
at the time, have corresponding provisions for statutory probate court
jurisdiction.  Comm. on Jurisprudence, Bill Analysis, SRC-JBJ Tex. H.B. 689,
77th Leg., R.S. (2001).  The amendment was intended to limit statutory probate
court jurisdiction to “matters of probate, guardianship, mental health, and
eminent domain and delineate[d] the particular matters over which statutory
probate courts have jurisdiction.”  Id.  Therefore, while the Denton
County statutory probate court’s jurisdiction was once mostly coextensive with
the statutory county court, after 2001, it no longer had the same reach.  Although
the probate court may have concurrent jurisdiction with district courts in
condemnation proceedings, nothing in the statutory framework shows that the
legislature intended the probate court to function as a district court to the
extent that section 51.014(a)’s language would implicitly include “statutory
probate court” in the list of courts from which interlocutory appeals may be
taken.

b.    Property Code Section 21.063

Although Flower Mound argues that an interlocutory
appeal is permissible here because property code section 21.063(a) states that
“[t]he appeal of a judgment in a condemnation proceeding is as in other civil
cases,” not all civil cases qualify for an interlocutory appeal—only those that
meet the requirements set out in civil practice and remedies code section
51.014 or other statutory provisions permitting interlocutory appeals.  See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014; see also id. §
15.003(c) (West Supp. 2010) (setting out procedure for interlocutory appeal in
venue determination involving multiple plaintiffs and intervening plaintiffs),
§§ 51.016 (West Supp. 2010), 171.098 (West 2011) (allowing interlocutory appeals
involving arbitration); cf. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001) (“[T]he general rule, with a few mostly statutory exceptions, is
that an appeal may be taken only from a final judgment.”).  And again, while
the probate court may have been functioning with the same authority as a county
or district court in this matter, we have found no authority to allow us to
write “probate court” into section 51.014(a) to allow an interlocutory appeal
from the probate court’s decision to deny Flower Mound’s plea to the
jurisdiction.  Cf. Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433,
443 (Tex. 2009) (op. on reh’g) (“Enforcing the law as written is a court’s
safest refuge in matters of statutory construction, and we should always
refrain from rewriting text that lawmakers chose.” (emphasis added)).

4.    Precedent

Flower Mound also points out that this court and other
courts of appeals have “routinely” found jurisdiction to exist in interlocutory
appeals from probate courts under section 51.014(a).  However, the particular
issue of whether an interlocutory appeal may be brought under section
51.014(a)(8) from a probate court’s denial of a plea to the jurisdiction does
not appear to have arisen in most of these cases.  See, e.g., City of
Carrollton v. HEB Parkway., Ltd., 317 S.W.3d 789, 790 (Tex. App.—Fort Worth
2010, no pet.) (addressing merits of city’s appeal from the denial of its plea
to the jurisdiction by the Denton County Probate Court without addressing
jurisdictional issue); Mobil Oil Corp. v. Shores, 128 S.W.3d 718, 721
(Tex. App.—Fort Worth 2004, no pet.) (op. on reh’g) (dismissing interlocutory
appeal of Denton County Probate Court’s denial of a plea to the jurisdiction
under section 51.014(a)(8) because the appeal was brought by nongovernmental
entities); Denton County v. Huther, 43 S.W.3d 665, 666–67 (Tex.
App.—Fort Worth 2001, no pet.) (dismissing interlocutory appeal of probate
court’s denial of plea to the jurisdiction under section 51.014(a)(8) because
county failed to timely perfect its appeal).

In addition to Carrollton, Shores, and Huther,
we have found five other cases from this court involving interlocutory appeals
from a probate court under section 51.014:  Maris v. Hendricks, 262
S.W.3d 379, 381 (Tex. App.—Fort Worth 2008, pet. denied); Allen v. Havens,
No. 02-05-00318-CV, 2007 WL 805477, at *1 (Tex. App.—Fort Worth Mar. 15, 2007,
no pet.) (mem. op.); Shell Cortez Pipeline Co. v. Shores, 127 S.W.3d
286, 288 (Tex. App.—Fort Worth 2004, no pet.); Armstrong-Bledsoe v. Smith,
No. 02-03-00323-CV, 2004 WL 362293, at *1 (Tex. App.—Fort Worth Feb. 26, 2004,
no pet.) (mem. op.); and Mobil Oil Corp. v. First State Bank of Denton,
No. 02-02-00119-CV, 2004 WL 1699928, at *1 (Tex. App.—Fort Worth July 29, 2004,
no pet.) (mem. op.).  Shell Cortez and First State Bank are the
only cases in which one of the parties raised this court’s jurisdiction to hear
an interlocutory appeal under section 51.014 from the probate court.[9] 
However, we dismissed First State Bank, an attempted interlocutory
appeal of the probate court’s class certification order under section
51.014(a)(3), for want of jurisdiction as moot without discussing whether we
had jurisdiction over the interlocutory appeal under section 51.014.  2004 WL
1699928, at *1.

Shell Cortez also brought an interlocutory appeal from
the probate court’s class certification ruling under section 51.014(a)(3).  Shell
Cortez, 127 S.W.3d at 288.  While we ultimately held that the probate court
did not have subject matter jurisdiction over the class claims at issue, in
response to the appellees’ argument that this court did not have jurisdiction
to review the interlocutory appeal, we held that this court had subject matter
jurisdiction to review the probate court’s subject matter jurisdiction under
section 51.014(a)(3).  Id. at 288, 290, 292.  Specifically, this court
stated,

[W]e are authorized
to review the trial court’s authority or jurisdiction to enter the very order
appealed here:  the class certification order.  See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(3); Cook United, Inc., 464
S.W.2d at 106; Carp, 343 S.W.2d at 243; Letson, 979 S.W.2d at
417; Air Prods. & Chems., Inc., 594 S.W.2d at 221–22.  To hold
otherwise would nonsensically preclude our review of a fundamental tenet—subject
matter jurisdiction—underlying an order the legislature has statutorily
authorized us to review.  We hold that we have jurisdiction in this section
51.014(a)(3) class certification appeal to address whether the statutory
probate court has subject matter jurisdiction over the class claims.[[10]]

 

Id. at 292.

We have reviewed the cases cited in this key provision.
 Cook United involved an appeal of a temporary injunction from a Tarrant
County district court.  State v. Cook United, Inc., 464 S.W.2d 105, 106
(Tex. 1971).  Carp involved an appeal of a temporary injunction from a
Dallas County district court.  Tex. State Bd. of Examiners v. Carp, 162
Tex. 1, 343 S.W.2d 242, 243 (1961).  Letson involved an appeal of a
temporary injunction from a Potter County district court.  Letson v. Barnes,
979 S.W.2d 414, 416 (Tex. App.—Amarillo 1998, pet. denied).  And Air
Products involved an appeal of a temporary injunction from a Travis County
district court.  R.R. Comm’n of Tex. v. Air Prods. & Chems., Inc.,
594 S.W.2d 219, 221–22 (Tex. Civ. App.—Austin 1980, writ ref’d n.r.e.).  None
of these cases provides a basis for concluding that an interlocutory appeal may
be taken from a statutory probate court.[11] 
See, e.g., In re United Servs. Auto. Ass’n, 307 S.W.3d 299, 303 (Tex.
2010) (orig. proceeding) (“Appellate rights can vary depending on which court a
case is filed in, even among trial courts with concurrent jurisdiction, and
even when the same judge in the same courtroom presides over two distinct
courts.”).[12]

5.  Policy

Finally, Flower Mound complains that to hold in favor
of Mockingbird with a literal construction of section 51.014(a) would “lead to
absurd consequences that could not have been intended by the Legislature, and
[would be] contrary to the purpose of this interlocutory appeal statute, which
is to provide an appellate remedy for certain orders when public policy
dictates.”  We acknowledge that it may have been a legislative oversight not to
add “statutory probate court” to the list of courts from which interlocutory
orders may be appealed via section 51.014—in fact, it seems likely, under the
circumstances, as medical malpractice cases brought by heirs of a deceased and
condemnation proceedings involving governmental entities can both occur in the probate
courts[13]—however,
we are constrained by the statutory language and history as set out above to
conclude that an interlocutory appeal is not permitted here.  See id.; see
also Huther, 43 S.W.3d at 667 n.2 (stating that subject matter jurisdiction
may be raised for the first time on appeal).

E.  Conclusion

          While this court has a duty to determine its
jurisdiction sua sponte, without guidance from the parties, as
illustrated above, it can be challenging to determine when jurisdiction is
lacking.  Nonetheless, based on the plain language of section 51.014(a), the
2005 amendments, and the new 2011 amendments, the legislature has clearly
demonstrated that it knows how to modify the language of this particular
statute when it so desires.  This statutory background, combined with the legislature’s
history of expanding and then contracting the jurisdiction of the statutory
probate court in Denton County, supports dismissing the appeal for want of
jurisdiction.  See Presidio Indep. Sch. Dist., 309 S.W.3d at 930
(stating that clear statutory text is determinative of the legislature’s intent). 
To the extent we have held otherwise in prior interlocutory appeals from the
Denton County Probate Court, these jurisdictional determinations were
incorrect.  We grant Mockingbird’s motion to dismiss.

IV.  Conclusion

Having granted Mockingbird’s motion to dismiss, we
dismiss the appeal for want of jurisdiction.

 

 

                                                                             BOB
MCCOY

                                                                             JUSTICE

 

PANEL:  GARDNER and MCCOY, JJ; and WILLIAM BRIGHAM (Senior
Justice, Retired, Sitting by Assignment).

 

DELIVERED:  October 13, 2011









[1]See
Act of May 16, 2005, 79th Leg., R.S., ch. 97, § 5, 2005 Tex. Gen. Laws 180,
180 (adding appeal of denial of a motion to dismiss under section
90.007—current section (a)(11)); Act of June 2, 2003, 78th Leg., R.S., ch. 204,
§ 1.03, 2003 Tex. Gen. Laws 847, 849 (adding appeal of denial of a motion under
section 74.351(b) or grant of relief sought under section 74.351(l)—current
subsections (a)(9) and (a)(10)—amending subsection (b), and deleting some
language from subsection (c)); Act of May 17, 2001, 77th Leg., R.S., ch. 1389,
§ 1, 2001 Tex. Gen. Laws 3575, 3575 (adding provisions pertaining to
stays—current subsections (b) and (c)—and provision addressing interlocutory
appeal by agreed order—current subsection (d)); Act of May 27, 1997, 75th Leg.,
R.S., ch. 1296, § 1, 1997 Tex. Gen. Laws 4936, 4936–37 (adding appeal of the
grant or denial of a defendant’s special appearance—current subsection
(a)(7)—and appeal of the grant or denial of a plea to the jurisdiction by a
governmental unit as defined in section 101.001—current subsection (a)(8)—among
other provisions); Act of May 25, 1993, 73rd Leg., R.S., ch. 855, § 1, 1993
Tex. Gen. Laws 3365, 3365–66 (adding appeal of the denial of a motion for
summary judgment by a media defendant—current section (a)(6)); Act of May 24, 1989,
71st Leg., R.S., ch. 915, § 1, 1989 Tex. Gen. Laws 3946, 3946–47 (adding appeal
of a denial of a motion for summary judgment that is based on an assertion of
immunity by an individual who is an officer or employee of the state or a
political subdivision of the state—current subsection (a)(5)); Act of May 1,
1987, 70th Leg., R.S., ch. 167, § 3.10, 1987 Tex. Gen. Laws 1351, 1351 (adding
appeal of a grant or refusal of a temporary injunction to the list of items
subject to interlocutory appeal—current subsection (a)(4)).





[2]At
the time this case was filed, the 2005 version of section 51.014 controlled.





[3]The
legislature also amended subsection (e) and added subsection (f), but these
changes and additions have no effect here.





[4]We
note that the recognized exception to the final judgment rule for probate
proceedings does not apply here because this case is not a traditional “probate
proceeding” as defined by the probate code.  Cf. In the Estate of Frame,
No. 06-10-00073-CV, 2010 WL 2931242, at *1 (Tex. App.—Texarkana July 28, 2010,
no pet.) (mem. op.) (citing De Ayala v. Mackie, 193 S.W.3d 575, 578
(Tex. 2006)).  That is, a “probate proceeding,” according to the probate code,
“means a matter or proceeding related to the estate of a decedent,” including
probate of a will, issues of letters testamentary and of administration,
heirship determination, a claim arising from estate administration, the
settling of a personal representative’s account of an estate, and a will
construction suit.  Tex. Prob. Code Ann. § 3(bb) (West 2010); see also
Crowson, 897 S.W.2d at 782–83 (discussing the difficulty in determining
when a “particular phase” of a probate proceeding is concluded for purposes of
immediate appeal).





[5]Denton
County Court at Law No. 1 gives preference to juvenile matters and criminal
cases and does not have jurisdiction over civil, civil appellate, probate, or
mental health matters or family law cases other than juvenile proceedings,
while Denton County Court at Law No. 2 has jurisdiction over all civil causes
and proceedings, original and appellate, prescribed by law for county courts
but lacks jurisdiction over causes and proceedings concerning roads, bridges,
and public highways, the general administration of county business, and
criminal cases.  See Tex. Gov’t Code Ann. § 25.0633(a), (c)–(f) (West
2004).





[6]Property
code section 21.002 states that if an eminent domain case is pending in a
county court and the court determines that the case involves an issue of title
“or any other matter that cannot be fully adjudicated in that court, the judge
shall transfer the case to a district court.”  Tex. Prop. Code Ann. § 21.002
(West 2004).  Section 21.003 states that a district court may determine all
issues in any suit in which the state or one of its political subdivisions, “a
person, an association of persons, or a corporation is a party,” and “that
involves a claim for property or for damages to property occupied by the party
under the party’s eminent domain authority or for an injunction to prevent the
party from entering or using the property under the party’s eminent domain
authority.”  Id. § 21.003 (West 2004).





[7]See
Tex. Gov’t Code Ann. § 311.023 (West 2005) (stating that, in construing
statutes, we may consider the circumstances under which the statute was
enacted, its legislative history, and its former statutory provisions, among
other things).





[8]It also contains a provision stating that 

[i]f this section
conflicts with a specific provision for a particular statutory probate court or
county, the specific provision controls, except that this section controls over
a specific provision for a particular court or county if the specific provision
attempts to create jurisdiction in a statutory probate court other than
jurisdiction over probate, guardianship, mental health, or eminent domain
proceedings.

 

Tex. Gov’t Code Ann.
§ 25.0021.





[9]Maris
brought an interlocutory appeal of the probate court’s order denying his motion
to dismiss the deceased Hendricks’s health care liability claims, under section
51.014(a)(9) and section 74.351.  Maris, 262 S.W.3d at 381–82.  No one
raised an issue with regard to this court’s jurisdiction to hear this
interlocutory appeal.  Id.  In Allen, an estate’s administrator
who was the deceased’s surviving spouse, brought an interlocutory appeal of the
probate court’s order granting a special appearance under section
51.014(a)(7).  2007 WL 805477, at *1–2.  Again, it does not appear that either
party raised an issue with regard to this court’s jurisdiction to hear the
interlocutory appeal.  See id.  And in Armstrong-Bledsoe, a
trustee brought an interlocutory appeal under section 51.014(a)(4) from a
temporary injunction order issued by the probate court to compel an
accounting.  2004 WL 362293, at *1.  No one raised an issue with regard to this
court’s jurisdiction to hear the interlocutory appeal.  See id.





[10]The dissent in Shores discussed this provision,
stating,

The Shell Cortez
Pipeline interlocutory class certification appeal was filed pursuant to
civil practice and remedies code section 51.014(a)(3).  The legislature in
section 51.014 granted us general appellate jurisdiction over any appeal “from
an interlocutory order” set forth in section 51.014.  We held in the Shell
Cortez Pipeline class certification appeal that civil practice and remedies
code section 5[1].014’s general statutory grant of appellate jurisdiction
implicitly conferred upon us the power to review the trial court’s subject
matter jurisdiction to enter the class certification order being appealed. 
Specifically, we held that “when an appellate court is granted jurisdiction to
review an interlocutory order or judgment, that jurisdiction
encompasses a review of the validity of the . . . trial court’s authority or
jurisdiction to enter the appealable interlocutory order.”

 

128 S.W.3d at 727 (Walker, J., dissenting) (citations
omitted).





[11]To
the contrary, the Cook court refers us to Carp.  See Cook,
464 S.W.2d at 106.  The Carp court states that the supreme court “would
have jurisdiction of an appeal from a final judgment in the main case out of
which the application for a temporary injunction grew, and therefore has
jurisdiction to review by writ of error the action of the trial court in
granting such injunction,” and refers us to “Southwest Weather Research,
Inc. v. Jones, Tex., 327 S.W.2d 417, and authorities there cited.”  343
S.W.2d at 243.  In Southwest Weather Research, the supreme court stated
that it had previously held

by virtue of the provisions of said
Article 4662, [that this court] ‘has jurisdiction to review, by writ of error,
the ruling of the trial court in granting or refusing a temporary injunction
where the main case out of which the application for injunction grew is one
over which the Supreme Court has jurisdiction.  This Court clearly has
jurisdiction of the main cases out of which the temporary injunctions were
issued.

160 Tex. 104, 327 S.W.2d 417,
418 (Tex. 1959) (citations omitted).

However, in a subsequent case, Hajek v. Bill
Mowbray Motors, Inc., 647 S.W.2d 253 (Tex. 1983), the court revisited its
statement in Southwestern Weather Research about article 4662—“the
temporary injunction appeal statute,” which had specifically provided, “Such
case may be heard in the Court of Civil Appeals or Supreme Court . . . .”  647
S.W.2d at 254 (citing former Tex. Rev. Civ. Stat. Ann. art. 4662 (West 1925)). 
In Hajek, the court observed that the legislature had amended article
4662 in 1981 to state that a party “may [only] appeal from such order or
judgment to the Court of Appeals,” limiting the supreme court’s jurisdiction
over appeals from the granting or denying of a temporary injunction.  Id. 
The court then set out the two exceptions to its inability to review court of
appeals decisions reviewing interlocutory orders made appealable to the court
of appeals:  when there is a dissent upon a question of law material to the
decision or when the court of appeals’s holding on a material question of law
conflicts with a prior decision of another court of appeals or the supreme
court.  Id. at 254–55 (“This general rule now applies to temporary
injunctions, since the legislature no longer designates them a special type of
interlocutory order appealable to this Court.”).





[12]Flower
Mound also directs us to In re Estate of Trevino, 195 S.W.3d 223 (Tex.
App.—San Antonio 2006, no pet.) (op. on reh’g), State v. Fernandez, 159
S.W.3d 678 (Tex. App.—Corpus Christi 2004, no pet.), and Smith v. Lanier,
998 S.W.2d 324 (Tex. App.—Austin 1999, pet. denied), but in these interlocutory
appeals from probate courts, the courts of appeals either did not explain why
an interlocutory appeal was permissible under section 51.014(a) or did not
address their jurisdiction under section 51.014(a) at all.





[13]The
underlying facts of this case—an entity with condemnation authority attempting
to take public property from a town—are unlikely to have arisen before in the
probate court, and Flower Mound has argued that the merits of this case present
an issue of first impression.