# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00657-CV

**Robert Kinney, Appellant**

**v.**

**Andrew Harrison Barnes a/k/a A. Harrison Barnes, A. H. Barnes, Andrew H. Barnes, Harrison Barnes, BCG Attorney Search, Inc., Employment Crossing, Inc.; and JD Journal, Inc., Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-10-004331, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Robert Kinney sued Appellees Andrew Harrison Barnes and BCG Attorney Search, Inc., Employment Crossing, Inc., and JD Journal, Inc., companies owned by Barnes (sometimes collectively "Barnes"), for defamation and defamation per se based on a statement made by Barnes and published on his companies' websites. The only relief Kinney sought was an injunction requiring Barnes to remove the allegedly defamatory content from his companies' websites, take steps to have it removed from the websites of third-party republishers, and post a retraction, apology, and copy of the injunction on the homepages of his companies' websites for a specified amount of time. Barnes filed a motion for summary judgment claiming the injunction is unavailable as a matter of law because it would constitute a prior restraint on and an unconstitutional

compulsion of speech.[1]  The trial court granted Barnes's motion for summary judgment.  For the

reasons set forth below, we affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

Kinney was an employee of BCG, a legal recruiting company run by Barnes.  In 2004

Kinney left BGC to create a competing legal recruiting firm.  Barnes subsequently sued Kinney in

California state court for "anonymously maligning Barnes and his companies online."  In August of

2007, Barnes posted on his website, JD Journal,[2] as part of a "news item" the following statement

summarizing the allegations in the California action:

> The complaint also alleges that when Kinney was an employee of BCG Attorney
> Search, in 2004, he devised an unethical kickback scheme, attempting to pay an
> associate under the table at Preston Gates and Ellis (now K&L Gates) to hire one of
> his candidates.  Barnes says that when he discovered this scheme, he and other BCG
> Attorney Search recruiters immediately fired Kinney.  The complaint in the action
> even contains an email from Kinney where he talks about paying the bribe to an
> associate at Preston Gates in return for hiring a candidate.

Kinney responded to the statement by filing a lawsuit in Travis County district court asserting that

the statement made by Barnes constituted defamation and defamation per se and requesting monetary

damages.  Kinney later filed a voluntary notice of nonsuit in that proceeding and filed the present

case.  In this suit, the only relief Kinney requests is a permanent injunction that would require Barnes

---

[1]  Barnes has maintained, and continues to maintain, that the complained-of statement is not
defamatory.  However, Barnes's motion for summary judgment was based solely on the grounds that
regardless of the nature of the statement, Kinney could not obtain the remedy he sought as a matter
of law and therefore the claim should be dismissed.

[2]  The statement was republished on Barnes's other website, Employment Crossing.

to (a) remove the false statements from his websites, (b) contact third-party republishers of the statement to have them remove the statement from their publications, and (c) conspicuously post a copy of the permanent injunction, a retraction of the statement, and a letter of apology on the home pages of Barnes's websites for six continuous months.

Barnes filed a motion for summary judgment claiming the injunction Kinney sought would violate the Texas Constitution since it would act as a prior restraint on and compulsion of Barnes's speech. Barnes asserted that because the only relief Kinney sought is unavailable as a matter of law, Kinney's complaint should be dismissed. Kinney, in his response to Barnes's motion, asserted that the injunction is constitutionally permissible as it would act not as a prior restraint, but instead as a subsequent punishment. The trial court granted Barnes's motion, and this appeal followed.

## STANDARD OF REVIEW

A court of appeals reviews a trial court's decision to grant summary judgment de novo. *Valance Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a court reviews a summary judgment, all evidence favorable to the non-movant is taken as true, *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009), every reasonable inference is indulged, *Nixon v. Mr. Prop. Mgmt. Co*, 690 S.W.2d 546, 549 (Tex. 1985), and any doubts are resolved in the non-movant's favor, *id.*

At trial and on appeal, the movant has the burden of showing that there was no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon*, 690 S.W.2d at 548. The non-movant has no burden to respond to the motion for

3

summary judgment unless the movant conclusively establishes his cause of action or defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). The trial court may not grant summary judgment by default because the non-movant did not respond to the motion for summary judgment if the movant's summary judgment proof is legally insufficient. *Id.* at 223.

## DISCUSSION

**Commercial or Private Speech**

Kinney presents one issue on appeal—that the trial court erred in dismissing his claim because the injunction would not violate the Texas Constitution. Among the arguments Kinney asserts in support of this position are that (1) the statement Barnes made was false or misleading commercial speech and therefore not subject to the protections of the constitution and (2) Barnes's statement was not protected since "[t]he Texas Constitution does not protect private, defamatory speech." Barnes contends that because Kinney did not raise these arguments in his response to Barnes's motion for summary judgment, they have been waived, and Kinney cannot bring them up for the first time on appeal. We agree.

"Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c); *see also* Tex R. App. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ."). The non-movant "may not urge on appeal as a reason for reversal of the summary judgment any and every *new* ground that he can think of, nor can he resurrect grounds that he

4

abandoned at the hearing." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (emphasis in original). The rule summarily stated is as follows:

> With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid the movant's entitlement. . . . [T]he movant [need not] negate all possible issues of law and fact that *could* be raised by the non-movant in the trial court but were not. . . . *[T]he non-movant must now . . . expressly present to the trial court those issues that would defeat the movant's right to summary judgment and failing to do so, may not later assign them as error on appeal.*

*Id.* at 678–79 (second emphasis added). One of the bases for Barnes's motion for summary judgment was an assertion that the injunction Kinney seeks would constitute a prior restraint on speech. Kinney's sole argument in his response to Barnes's motion was that the injunction would act as a subsequent punishment not a prior restraint. For the first time on appeal Kinney raises the additional argument that the speech he seeks to have enjoined is not even protected speech, making the prohibition against prior restraint inapplicable. Since Kinney failed to raise this issue at the trial court, he cannot now raise it on appeal. *See Clear Creek*, 589 S.W.2d at 678–79; *Taylor v. American Fabritech, Inc.*, 132 S.W.3d 613, 618 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (cross-appellants challenging reliability of expert's testimony waived additional basis presented for first time on appeal).

**Prior Restraint**

As part of his issue, Kinney also contends the injunction that he seeks would not act as a prior restraint on speech but rather as a subsequent punishment for speech already adjudged to

be defamatory. A prior restraint is "an administrative or judicial order forbidding certain communications when issued in advance of the time that such communications are to occur." *Amalgamated Acme Affiliates, Inc. v. Minton*, 33 S.W.3d 387, 393 (Tex. App.—Austin 2000, no pet.).[3] Essentially, it is Kinney's position that since the alleged defamatory speech has already taken place, the injunction would not be "in advance of the time" when the communication would occur. We do not find this argument persuasive.

In *Hajek v. Bill Mowbray Motors, Inc.*, the plaintiff sought to enjoin the defendant from "driving his vehicle in the community with a defamatory message painted on all four sides that [stated the plaintiff] sold him a 'lemon.'" 647 S.W.2d 253, 254 (Tex. 1983) (per curiam). The trial court issued a temporary injunction, which the court of appeals upheld. *Id.* In reversing this decision, the supreme court stated that the temporary injunction constituted a prior restraint on speech. *Id.* at 255. The situation here is very similar. As in *Hajek*, the alleged defamatory statement has already been published. By seeking to have it removed, Kinney is essentially trying to obtain the same relief the plaintiff in *Hajek* sought—i.e., the prevention of the continued publication of the defamation every time someone new reads the message.

Kinney seeks to distinguish *Hajek* and the other cases cited by Barnes on the basis that they all involved temporary injunctions, whereas he is seeking a permanent injunction. Kinney contends that in the case of a permanent injunction the only speech to be enjoined is speech already adjudged to be defamatory. Therefore, Kinney claims the injunction would act as a subsequent

---

[3] *See Davenport v. Garcia*, 864 S.W.2d 4, 9–10 (Tex. 1992) (prior restraint only permissible when "essential to the avoidance of an impending danger").

punishment.[4]  However, while *Hajek* dealt with a temporary injunction, nothing in the holding of

*Hajek* suggests that the rule concerning prior restraint should be limited to temporary injunctions.

*See generally* 647 S.W.2d 254.  An examination of the authority upon which *Hajek* is based further

supports this conclusion.  As the court in *Ex parte Tucker* observed, "[t]he Constitution leaves [a

person] free to speak well or ill; and if he wrongs another, he is responsible in *damages* or

punishable by the criminal law."  220 S.W. 75, 76 (Tex. 1920) (emphasis added); *see also Tackett*

*v. KRIV-TV (Channel 26)*, No. CIV. A. H-93-3699, 1994 WL 591637, at *2 (S.D. Tex. May 5, 1994)

("[The plaintiff] may not obtain equitable relief from defendants in the form of a retraction, public

apology, or permanent injunction.  Defendants cannot be compelled to publish or be enjoined from

publishing future materials regarding [the plaintiff], regardless of their nature, as equity does not

enjoin a libel or slander and the only remedy for defamation is an action for damages."); *Brammer*,

---

[4]  Kinney further asserts that his "requested relief pose[s] less of a threat to the Constitution than the injunction this Court upheld in *Minton*."  Essentially, Kinney argues that the injunction he seeks here is less offensive to the constitution than the injunctions approved in *Amalgamated Acme Affiliates, Inc. v. Minton*, 33 S.W.3d 387 (Tex. App.—Austin 2000, no pet.), *Jenkins v. TransDel Corp.*, No. 03-04-00033, 2004 WL 1404364 (Tex. App.—Austin June 24, 2004, no pet.) (mem. op.), *Karamchandani v. Ground Technology, Inc.*, 678 S.W.2d 580 (Tex. App.—Houston [14th Dist.] 1984, writ dism'd), and *Hawks v. Yancey*, 265 S.W.233 (Tex. Civ. App.—Dallas 1924, no writ) because in those cases, the injunction was a temporary injunction, and there had been no determination of fault, whereas here, the injunction would issue only upon a determination of fault on the part of Barnes.

This view, however, misses the point.  In all those cases, the courts determined the language to be enjoined was not constitutionally protected and therefore not subject to the prohibition against prior restraints either because it was false or misleading commercial speech, *see Minton*, 33 S.W.3d at 394; *Jenkins*, 2004 WL 1404364, at *5, private communication, *see Karamchandani*, 678 S.W.2d at 582, or dealt with instances of stalking, theft, threats, assault, abuse of process, and interference with contractual relations, *see Hawks*, 265 S.W. at 234–36.  Here, none of the exceptions to the general protection of speech are applicable, so the statement, even if determined to be defamatory, is still constitutionally protected.  *See Hajek*, 647 S.W.2d at 254 ("Defamation alone is not sufficient justification for restraining an individual's right to speak freely.").

7

114 S.W.3d at 107 ("Texas courts will not grant injunctive relief in defamation or business disparagement actions if the language enjoined evokes no threat of danger to anyone, even though the injury suffered often cannot easily be reduced to specific damages."). Therefore, the supreme court's holding in *Hajek* that an injunction preventing the continued publication of a defamatory statement would constitute a prior restraint on speech is equally applicable to a permanent injunction as it is to a temporary injunction. Consequently, we conclude that Barnes satisfied his summary judgment burden to show that a permanent injunction requiring the removal of the alleged defamatory statement from Barnes's website would act as a prior restraint on constitutionally protected speech.[5] *See* Tex. R. Civ. P. 166a(c); *Hajek*, 647 S.W.2d at 255. We overrule Kinney's issue.[6]

## CONCLUSION

Having overruled Kinney's single issue, we affirm the trial court's summary judgment.

---

[5] Because Kinney waived his challenge that the speech was not protected and we have determined that an injunction requiring its removal would constitute a prior restraint, we need not reach the policy arguments raised by Kinney. *See* Tex. R. App. P. 47.1.

[6] In his motion for summary judgment, Barnes argued that the parts of the injunction requiring Barnes to speak would constitute compelled speech in violation of the Texas Constitution. Because Kinney has not challenged this argument, we need not address it. *Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 386 (Tex. App.—El Paso 2009, no pet.) ("When a ground upon which summary judgment may have been rendered, whether properly or improperly, is not challenged, the judgment must be affirmed."); *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 206 (Tex. App.—Dallas 2005, no pet.) (holding that because appellant presented arguments on appeal seeking reversal of summary judgment as to only some of his claims, summary judgment was proper as to judgment on claims he did not argue on appeal should be reversed).

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   November 21, 2012