**Louis F. LABBE et al., Appellants,**

v.

**F. Wm. CARR, Appellee.**

**No. 13935.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 6, 1961.

Rehearing Denied Jan. 3, 1962.

Sidney P. Chandler, Corpus Christi, for appellants.

Head & Lyle, Gerald D. James, Corpus Christi, for appellee.

POPE, Justice.

Plaintiff, F. Wm. Carr, obtained a temporary injunction which enjoined members of the Labbe Family from interfering with his possession. The Labbe Family, as leasing agents for the State, in 1945 executed an oil and gas lease to a tract of land in Duval County. Carr drilled a producing well on the land, and he received his oil runs until July 20, 1961. In 1953 Carr employed Emil C. Labbe as his pumper and gauger. Labbe lives on the land and tended to the well daily. Carr paid Labbe monthly. In April and May, 1961, Labbe received his pay checks from Carr, but in June Labbe returned his check. This was the first indication to Carr that Labbe was no longer his employee. Carr then employed a well servicing company to tend to the well. On July 20, 1961, Carr learned that Emil Labbe, his employee, had requested the Railroad Commission, back in April, 1961, to change the name of the operator of the lease from Carr to Labbe. On August 6, 1961, Emil Labbe and Adolph Labbe warned Carr's employee not to come back on the premises, and this suit was filed within a few days. Upon this state of facts, the Labbe Family claims that their prior possession was the status quo to be preserved, but the trial court rejected the claim.

On final trial, there may be issues about Carr's abandonment of the oil lease. As the case is here presented, however, the claim by the Labbe Family is that Carr lost possession because his employee, Emil Labbe, without advising his employer had ceased to work for him. There is evidence which supports the judgment. Carr was in possession of the premises through Emil Labbe, his employee, until June 1, 1961, and thereafter through the well servicing company. It was not until August that the Labbe Family contested the possession. The last peaceable status was that of Carr in possession operating the well, and the trial court correctly maintained that status.

Affirmed.