Louis F. LABBE et al., Appellants,

v.

F. William CARR, Appellee.

No. 14135.

Court of Civil Appeals of Texas.

San Antonio.

June 26, 1963.

Rehearing Denied July 24, 1963.

Sidney P. Chandler, Corpus Christi, for appellants.

Head & James, Corpus Christi, for appellee.

BARROW, Justice.

This is an appeal from a summary judgment which permanently enjoined appellants, the Labbe Family, from interfering with appellee's possession and operation of an oil and gas lease, and further provided that appellants take nothing by their cross-action against appellee. On a prior appeal we affirmed the temporary injunction granted Carr by the trial court. See 352 S.W.2d 860.

The Labbe Family as leasing agents for the State, of land within the Texas Relinquishment Act, Arts. 5367–5371, Vernon's Ann.Rev.Civ.St., executed the lease which was subsequently assigned to Carr, and upon which is located a producing well. After the temporary injunction was affirmed, the Labbe Family filed a cross-action against Carr in which they assert three counts: (1) They allege that on April 11, 1961, Carr voluntarily abandoned and surrendered the lease and the producing well to them, and they operated it from April 11, 1961, until August 14, 1961. In this count they pray for possession and exclusive right of operation of the lease. (2) They allege that, after they took over operation of the well, it was necessary to expend from $900 to $1,000 for repairs to the machinery and maintenance of the well. They pray for this sum and for foreclosure of their mechanic's and materialman's lien upon the well and machinery. (3) They allege that Carr failed to develop the lease as an ordinarily prudent operator and that they thereby were not paid a production payment of $6,000, which they should have received under the terms of an assignment of the lease from the original lessee to Carr.

The transcript does not show that Carr filed an answer to this cross-action, although his motion for summary judgment referred to a supplemental petition in answer to the cross-action. His motion for summary judgment is unsworn and is based upon the pleadings, the prior opinion of this Court, an affidavit of his production superintendent, and an unsworn letter from the Duval County Clerk. The affidavit of Carr's production superintendent stated that no itemized claim was presented by the Labbe Family after April 11, 1961. The letter from the County Clerk advised that no itemized mechanic's or materialman's lien was filed in the Duval County records by the Labbe Family. In opposition to the summary judgment, the Labbe Family adopted the statement of facts of the hearing on temporary injunction, which was filed in connection with the prior appeal, and urged that genuine issues of material facts were raised in the unanswered cross-action.

Carr urges that our prior opinion makes final disposition of all fact issues on the question of possession which is a necessary element to the Labbe Family's claim of abandonment. It is seen, however, that the only issue before us on that appeal was whether the trial court abused its discretion in holding that the last peaceable possession of the lease was that of Carr and that this was the status quo to be maintained pending trial on the merits. We held that the trial court did not abuse its discretion and set forth evidence to support its implied finding. There was evidence to the contrary. Emil Labbe testified that the well servicing company employed by Carr to look after the well after Labbe quit did not begin its work until August 6, 1961; Labbe testified that Carr refused to pay for re-

pairs to the well pump incurred in April, 1961. In addition, the record made on the hearing of temporary injunction reflects that Carr's attorney recognized that it was not proper to go into the issue of abandonment at this hearing. In our prior opinion, we said: "On final trial, there may be issues about Carr's abandonment of the oil lease."

It is well settled that the granting or refusing of a temporary injunction is subject to a very different character of appellate review from that of a permanent injunction. The purpose of the issuance of a temporary injunction is to preserve the status quo in regard to the matter in controversy or prevent irreparable injury or damage to applicant, pending final determination of the case on its merits. Ordinarily, it is not a substitute for, nor does it serve the same purpose as the hearing on the merits. Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417; West Texas Gulf Pipe Line Co. v. Hardin County, 159 Tex. 374, 321 S.W.2d 576; Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460. We, therefore, hold that the fact issues determined at the hearing for temporary injunction do not preclude a hearing on the merits in this case, and the trial court erred in summarily granting the permanent injunction.

Appellee urges that the Labbe Family does not have a judicial interest or standing under the Texas Relinquishment Act to assert their cross-action for abandonment. It is our opinion that this point must be overruled, when the allegations in the cross-action are examined in the light required by our summary judgment practice. To uphold Carr's summary judgment, granted solely on the pleadings, it is necessary that we take as true every allegation contained in the cross-action. Hatten v. Mohr Chevrolet Co., 366 S.W.2d 945; McDonald, Texas Civil Practice, § 17.26.3(a). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the opposing party is entitled to the benefit of every reasonable inference which can properly be drawn in his favor. Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929.

If there was no abandonment or surrender of the lease by Carr to the Labbe Family, there is a genuine issue of material fact as to the amount owed by him to the Labbe Family for the expense of operating the well from April 1, 1961, to August 16, 1961. It is therefore our opinion that the trial court erred in granting Carr a take-nothing judgment on the Labbe Family's cross-action.

The judgment of the trial court is reversed and the cause remanded.

On Motion for Rehearing.

The land and lease involved are subject to the Texas Relinquishment Act. It is seen, however, that the Labbe Family's cross-action does not challenge the validity of the lease from the State nor the rights of the State as lessor, but says that the lease has been abandoned or surrendered to appellants by appellee. When these pleadings are tested in the light required under summary judgment practice, we cannot say that appellants have no cause of action.

Appellee urges that we should set forth the issues to be tried upon the trial on the merits in order to simplify that trial. We do not feel that this Court is in a position to do so at this time. Appellee has never filed an answer to the cross-action and we can not anticipate the defenses that will be urged to the cross-action. Further, we can not anticipate the evidence that will be developed during a full hearing.

The motion for rehearing is overruled.