**Phil TUCKER, Appellant,**

v.

**E. L. CABINESS, Appellee.**

**No. 15825.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 7, 1977.

William H. Ervine, Jr., Kerrville, for appellant.

Spencer W. Brown, Kerrville, for appellee.

---

KLINGEMAN, Justice.

Phil Tucker appeals from an order dissolving a temporary restraining order and denying his application for temporary injunction. This case is before us without a statement of facts, and the only record before us is the transcript.

Phil Tucker filed an application for a temporary restraining order, temporary injunction, and permanent injunction on November 23, 1976 in the District Court of Kerr County, Texas. In his petition he alleged that he and some friends traveled from Missouri to the Cabiness ranch in Kerr County, Texas for the purpose of hunting deer and turkey; that he is a son of Betty Cox Tucker, who is one of the joint owners of the ranch; that there is a partition suit pending in Kerr County, Texas, wherein the court has entered an order finding that the ranch is partitionable in kind, and ordering that a ⅛th interest be partitioned to Betty Cox Tucker. He further alleged that he and his friends were refused entry and not permitted to hunt on such ranch by E. L. Cabiness and wife; that he and his friends need to return home on the weekend of November 27, 1976, and immediate relief is needed. In his prayer, he asks (a) for a temporary restraining order, restraining defendant from interfering with or preventing plaintiff from entering the ranch and hunting; (b) for a temporary injunction enjoining defendant from interfering with or preventing plaintiff and his friends from entering such ranch and hunting; and (c) that on final hearing defendant be permanently enjoined from interfering with, or in any way prohibiting, the plaintiff and his friends from entering the ranch and hunting.

The trial court granted a temporary restraining order without notice, and thereafter, upon a hearing, the court dissolved the temporary restraining order and the temporary injunction was denied. There is nothing in the record to indicate that any action whatsoever has been taken with regard to the permanent injunction.

■ In suits for temporary injunctions, the trial court has broad discretion to grant or deny the injunction, and its judgment will not be overturned on appeal unless the record discloses a clear abuse of discretion. *City of Spring Valley v. Southwestern Bell Telephone Co.,* 484 S.W.2d 579 (Tex.1972); *State v. Cook United, Inc.,* 469 S.W.2d 709 (Tex.1971); *Janus Films, Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962); *Texas Foundries, Inc. v. International Moulders and Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952).

There is nothing in the record to indicate what title or interest, if any, plaintiff has in the premises involved. The transcript contains a preliminary decree of partition entered in April 1976, which finds Betty Cox Tucker to be the owner of the ⅛th interest in certain lands in Kerr County, Texas; which decree also finds defendant, E. L. Cabiness, to be the owner of a ½ interest in said lands, finds that Cabiness is the surviving husband of Dorothy Cabiness and that a part of the lands is the homestead of Cabiness, and recites that E. L. Cabiness is administrator with the will annexed of the estate of Dorothy Cabiness, deceased. The decree orders a partition and division of the property and appoints commissioners of partition.

■ We find no merit in appellant's appeal. Clearly, the judgment here under attack should not be reversed. The only real question involved is whether to enter an order of dismissal or affirm the judgment. Appellee contends that the appeal is moot in that the hunting season is now over and the relief sought in the temporary injunction cannot now be granted. Under such conditions, the proper order would be an order of dismissal. Appellant alleged in his petition that he and his friends had to return to the State of Missouri on the weekend of November 26, 1976; that unless a temporary restraining order and temporary injunction is issued, their hunting trip will be useless; that if they are not permitted to hunt by such time, they will have to return to their homes out of state and will be unable to return at a later date; and that the deer season will be over in the near future. Although plaintiff also asks for a

permanent injunction, this is not before us on this appeal.

■ Ordinarily, the hearing upon the temporary injunction is not a substitute for, nor does it serve the purpose of, a hearing on the merits. Generally, the most expeditious way of obviating the hardship and discomfiture of an unfavorable preliminary order is to try the case on the merits and thus secure a hearing wherein the case may be fully developed and the courts, both trial and appellate, may enter judgment fully disposing of the controversy. *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417 (1959).

Under the meager record before us, we have concluded that the appeal should be dismissed. This order of dismissal is entered without prejudice to such further action as the parties and the District Court may wish to take with reference to the case on the merits.

The appeal is dismissed.