ARCHITECTURAL CONTROL COMMIT-
TEE OF CANDLELIGHT PLAZA,
SECTION ONE, Appellant,

v.

Woodrow W. VAN DUSEN, Appellee.

No. 6011.

Court of Civil Appeals of Texas,
Waco.

March 15, 1979.

Walter B. Williams, Law Offices of Walter B. Williams & Associates, Houston, for appellant.

Roland C. Kemp, Fred Parks & Associates, Houston, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Candlelight Plaza from temporary injunction enjoining the use of composition shingles on roofs of houses in the subdivision during the pendency of this suit. The trial court by its Order further found all the issues of fact to be tried on the merits of the case.

Plaintiff Van Dusen, a property owner in Candlelight Plaza, sued the Architectural Control Committee of Candlelight Plaza alleging that the subdivision had restrictions providing: "All roofs are to be wood shingle * * * no composition shingles shall be permitted"; that such "restrictions could not be amended by less than 100% of the owners in the subdivision until June 15, 1994, at which time 80% of the then owners may so amend"; that defendant purported to amend the restrictions by removing the prohibition against composition shingles and

permitting the installation of composition roofs by the Architectural Committee.

Defendant Candlelight Plaza opposes the suit on the grounds that the Deed Restrictions have been successfully amended to allow for composition roofs.

After hearing the trial court entered its order enjoining the use of composition shingles on the roofs within the subdivision during pendency of suit; and by its order found:

> "That the said purported amendment to said subdivision's restrictive covenants is signed by less than 100% of the current owners of the lots of said subdivision and that the basic restrictive covenants would require 100% of the current owners to join in any effective amendment thereof prior to June 15, 1994".

Defendant appeals on one point: "The district court abused its discretion on Temporary Injunction Hearing in entering a Temporary Injunction Order that was tantamount to a Permanent Injunction in that it found all fact issues to be tried on the merits of the case".

The purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit pending final trial on the merits, *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549.

To be entitled to a temporary injunction the applicant is not required to establish that he will prevail on the final trial, but need only to plead a cause of action and show a probable right to the relief sought, and probable injury in the interim. *Oil Field Haulers Assn., Inc. v. Railroad Commission,* Tex.Sup., 381 S.W.2d 183.

And it is not required that the order granting temporary injunction should specifically set forth the reasons why the court believes it probable that the applicant will prevail on final trial. Neither is the trial court authorized to finally adjudicate the rights of the parties for "legal rights cannot be finally determined upon hearing relating to the wisdom or expediency of issuing a status quo order". *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417; *McLennan & Hill Counties Tehuacana Creek Water Control & Improvement District No. 1 v. Hurst,* Tex. Civ.App. (Waco) NWH, 378 S.W.2d 946; *Davis v. Huey,* Tex.Sup., 571 S.W.2d 859.

The issues which the court will have before it in trial on the merits are: 1) Whether the restrictions can be amended prior to June 15, 1994; 2) Whether the restrictions can be amended by 80% of the property owners prior to June 15, 1994; and 3) Whether the restrictions were successfully amended.

While the order appealed from purports to adjudicate the foregoing, there is nevertheless no showing of a clear abuse of discretion in the granting of the temporary injunction to maintain the status quo.

The order is reformed so as to delete therefrom the declarations finding fact issues to be properly adjudicated upon trial on the merits and as so modified is affirmed.

MODIFIED AND AFFIRMED.