**EMORY INTERNATIONAL, INC. et al., Appellants,**

v.

**Joe James JONES et al., Appellees.**

**No. 8605.**

Court of Civil Appeals of Texas, Beaumont.

March 12, 1981.

Margaret A. Pollard, Houston, for appellants.

J. C. Zbranek, Liberty, for appellees.

DIES, Chief Justice.

This is an appeal from an interlocutory judgment denying the application of plaintiffs below for a temporary injunction, from which plaintiffs below bring this appeal. We affirm.

Appellants are the lessees in an oil and gas lease dated November 15, 1979. Appellees are the lessors, and the Joneses are owners of a portion of the surface estate.

The lease in question was for a primary term of 180 days, expiring on the 15th of May 1980. The primary term of the lease in question could be extended pursuant to the lease as follows:

"If, at the expiration of the primary term of this lease, oil or gas is not being produced on the leased premises, but lessee is then engaged in drilling for oil or gas, then this lease shall continue in force so long as drilling operations are being continuously prosecuted on the leased premises; and drilling operations shall be considered to be continuously prosecuted if not more than sixty (60) days shall elapse between the completion or abandonment of one well and the beginning of operations for the drilling of a subsequent well. If oil or gas shall be discovered and produced from any such well or wells drilled or being drilled at or after the expiration of the primary term of this lease, this lease shall continue in force so long as oil or gas shall be produced from the leased premmies."

It is disputed whether lessees extended the primary term of the lease under the above provision, or whether the lease expired. It is this dispute which must be settled by the court, and the granting of the temporary injunction as prayed for by appellants will only delay, or even serve to determine the rights of the parties. The issuance of the writ could result in a change of the status quo, if as lessors contend, the lease has expired for appellants seek "possession of and operations upon the land."

The issuance of a temporary injunction is largely discretionary with a trial judge, and his judgment will be reversed only where the issuance or non-issuance was a clear abuse of discretion. *Dallas General Drivers, etc. v. Wamix, Inc. of Dallas,* 156 Tex. 408, 295 S.W.2d 873, 877 (1956); *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417 (1959). [See the many citations in Note 14, 31 Tex.Jur.2d *Injunctions* § 37 at 89 (1962).]

Furthermore:

"[O]ur system of procedure is such that legal rights cannot be finally determined upon a hearing relating to the wisdom or expediency of issuing a status quo order."
*Southwest Weather Research, Inc. v. Jones,* supra 327 S.W.2d at 421.

Whether appellants are entitled to this temporary injunction depends on whether they still have a lease, the disputed issue to be determined in the trial on the merits. We overrule all of appellants' points of error and affirm the order of the trial court.

AFFIRMED.