

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00069-CV

TOWN OF FLOWER                              APPELLANT
MOUND, TEXAS

V.

MOCKINGBIRD                                   APPELLEE
PIPELINE, L.P.

----------

### FROM THE PROBATE COURT OF DENTON COUNTY

----------

## OPINION

----------

## I. Introduction

Appellant Town of Flower Mound, Texas, attempts to bring an interlocutory appeal of the Denton County Probate Court's denial of its plea to the jurisdiction in favor of Appellee Mockingbird Pipeline, L.P. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008). We dismiss the appeal for want of jurisdiction.

## II. Factual and Procedural Background

Mockingbird, a gas corporation, filed a condemnation action under section 181.004 of the utilities code to obtain a pipeline easement on property owned by Flower Mound, a home-rule municipality. The probate court issued an order appointing special commissioners to assess condemnation damages. The special commissioners awarded $69,170 as damages, Mockingbird deposited this amount into the probate court's registry, and both parties filed objections to the award. Flower Mound also filed a plea to the jurisdiction, arguing that it was entitled to governmental immunity from suit and that Mockingbird had not established a waiver of its immunity. Mockingbird responded that Flower Mound's immunity had been waived under section 181.004.

The probate court denied Flower Mound's plea to the jurisdiction, and Flower Mound filed a notice of appeal under civil practice and remedies code section 51.014(a)(8). Mockingbird filed a motion to dismiss the appeal for want of jurisdiction.

## III. Jurisdiction

Although Flower Mound brings three issues, we must first address Mockingbird's motion to dismiss the appeal. *See, e.g., Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that before reaching the merits of the parties' issues, the court must inquire into its own jurisdiction).

## A. Motion to Dismiss

Mockingbird argues that this appeal should be dismissed for want of jurisdiction because section 51.014 of the civil practice and remedies code does not expressly authorize interlocutory appeals from statutory probate courts. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). Flower Mound responds with a number of arguments, which we have set out below.

## B. Standard of Review

The standard of review—de novo—is the same with regard to jurisdictional issues and their statutory underpinnings. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) (stating that subject matter jurisdiction is a question of law); *Tarrant County v. McQuary*, 310 S.W.3d 170, 172 (Tex. App.—Fort Worth 2010, pet. denied) (same); *see also City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008) (setting out statutory construction standard of review). In construing statutes, we ascertain and give effect to the legislature's intent as expressed by the statutory language. *City of Rockwall*, 246 S.W.3d at 625. We construe the statutory text according to its plain and common meaning unless a contrary intention is apparent, or unless such a construction leads to absurd results. *Id.* at 625–26.

The supreme court has stated that "[o]ur sole objective in construing [s]ection 51.014(a)(8) is to give effect to the Legislature's intent. In determining the Legislature's intent, we begin by looking at the plain meaning of the statute's words." *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex.

3

2007) (citations omitted). "We strictly construe [s]ection 51.014(a) as 'a narrow exception to the general rule that only final judgments are appealable.'" *Id.* at 841 (quoting *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001)). When the statutory text is clear, it is determinative of the legislature's intent, and we give meaning to the language consistent with other provisions in the statute. *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010).

## C. History of Civil Practice and Remedies Code Section 51.014(a)(8)

Section 51.014 was enacted in 1985. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, Tex. Gen. Laws 3242, 3280 (last amended Act of May 24, 2011, 82nd Leg., R.S., ch. 203, § 3.01, sec. 51.014, 2011 Tex. Sess. Law. Serv. 759, 759 (West)) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 51.014). From its 1985 enactment through numerous amendments,[1] including

---

[1]*See* Act of May 16, 2005, 79th Leg., R.S., ch. 97, § 5, 2005 Tex. Gen. Laws 180, 180 (adding appeal of denial of a motion to dismiss under section 90.007—current section (a)(11)); Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 1.03, 2003 Tex. Gen. Laws 847, 849 (adding appeal of denial of a motion under section 74.351(b) or grant of relief sought under section 74.351(*l*)—current subsections (a)(9) and (a)(10)—amending subsection (b), and deleting some language from subsection (c)); Act of May 17, 2001, 77th Leg., R.S., ch. 1389, § 1, 2001 Tex. Gen. Laws 3575, 3575 (adding provisions pertaining to stays— current subsections (b) and (c)—and provision addressing interlocutory appeal by agreed order—current subsection (d)); Act of May 27, 1997, 75th Leg., R.S., ch. 1296, § 1, 1997 Tex. Gen. Laws 4936, 4936–37 (adding appeal of the grant or denial of a defendant's special appearance—current subsection (a)(7)—and appeal of the grant or denial of a plea to the jurisdiction by a governmental unit as defined in section 101.001—current subsection (a)(8)—among other provisions); Act of May 25, 1993, 73rd Leg., R.S., ch. 855, § 1, 1993 Tex. Gen. Laws 3365, 3365–66 (adding appeal of the denial of a motion for summary judgment by a media defendant—current section (a)(6)); Act of May 24, 1989, 71st Leg., R.S., ch. 915, § 1, 1989 Tex. Gen. Laws 3946, 3946–47 (adding

the most recent amendment in the 2011 legislative session, the first sentence in subsection (a) has stated, "A person may appeal from an interlocutory order of a *district court, county court at law, or county court* that . . . ." *See id.* § 51.014(a) (emphasis added).

Although the language in section 51.014(a) has not changed, language in the other subsections has. Before the legislature's 2005 amendments,[2] subsection (d) stated that "a district court" may issue a written order for interlocutory appeal and subsection (e) stated that an appeal was not stayed in the "district court" unless the parties agreed. In 2005, however, the legislature amended subsections (d) and (e) as follows:

> (d) A *district court, county court at law, or county court* may issue a written order for interlocutory appeal in a civil action not otherwise appealable under this section if . . .
>
>    . . . .
>
> (e) An appeal under Subsection (d) does not stay proceedings *in the trial court* unless the parties agree and the trial court, the court of appeals, or a judge of the court of appeals orders a stay of the proceedings.

---

appeal of a denial of a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state—current subsection (a)(5)); Act of May 1, 1987, 70th Leg., R.S., ch. 167, § 3.10, 1987 Tex. Gen. Laws 1351, 1351 (adding appeal of a grant or refusal of a temporary injunction to the list of items subject to interlocutory appeal—current subsection (a)(4)).

[2]At the time this case was filed, the 2005 version of section 51.014 controlled.

*See* Act of May 27, 2005, 79th Leg., R.S., ch. 1051, § 1, 2005 Tex. Gen. Laws 3512, 3512–13 (emphasis added). The bill analysis with regard to the change in subsection (d) states, among other things, that the change was to "authorize[] a court in a civil action, rather than a district court, . . . to permit an appeal from an interlocutory order." Senate Comm. on State Affairs, Bill Analysis, Tex. S.B. 494, 79th Leg., R.S. (2005).

Effective September 1, 2011, subsection (d) now states: "On a party's own motion or on its own initiative, *a trial court in a civil action* may, by written order, permit an appeal from an order that is not otherwise appealable if . . . ."[3] *See* Act of May 24, 2011, 82nd Leg., R.S., ch. 203, § 3.01, sec. 51.014, 2011 Tex. Sess. Law. Serv. 759, 759. In short, section 51.014 continues to be a work in progress.

## D. Flower Mound's Arguments

We have categorized Flower Mound's argument into five subarguments.

### 1. Purpose over Form

Flower Mound argues that a focus on the beginning phrase of section 51.014(a) is misplaced because the statute's purpose "is to allow appellate review of the substance of the challenge to the trial court's jurisdiction, not its form." It points out that the supreme court stated in *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006), that section 51.014(a)(8)'s purpose is to allow interlocutory

---

[3]The legislature also amended subsection (e) and added subsection (f), but these changes and additions have no effect here.

appellate review when a trial court denies a governmental unit's challenge to subject matter jurisdiction and that under *Long*, form does not matter.

In *Long*, the supreme court stated, "The Legislature provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used . . . . To be entitled to an interlocutory appeal, section 51.014(a)(8) requires the denial of a jurisdictional challenge." 207 S.W.3d at 339. However, although Flower Mound argues that this means that the form of the challenge does not matter and points out that the court "did not state that appellate review of the denial of a jurisdictional challenge could only occur from a district or county court in order to satisfy" section 51.014(a)'s requirements, the interlocutory appeal at issue in *Long* was from a *district* court, not from a statutory probate court. *Id.* at 336. And the form—or "procedural vehicle"—at issue was an implicit denial of a plea to the jurisdiction by the trial court, which the supreme court held was sufficient to satisfy section 51.014(a)(8). *Id.* at 339–40. The issue of whether an interlocutory appeal from a statutory probate court could be brought under section 51.014(a) was therefore not before the court. Further, while the form of the procedural vehicle—such as an implicit denial of a plea to the jurisdiction—is irrelevant, it is not the form of the procedural vehicle that is at issue before us. Accordingly, *Long* provides us with no guidance here.

7

## 2. Appellate Jurisdiction

Flower Mound also contends that to hold that we lack jurisdiction here "would greatly restrict this Court's own jurisdiction in all appeals that do not come from district or county courts,"—that is, in appeals from probate courts—since the constitution and government code only mention appellate court jurisdiction for district courts and county courts. *See* Tex. Const. art. V, § 6(a) (stating that the court of appeals shall have appellate jurisdiction extending "to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Gov't Code Ann. § 22.220(a) (West 2010) (stating that the court of appeals has appellate jurisdiction over all civil cases within its district of which the district courts and county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs). However, the probate code provides that "[a] final order issued by a probate court is appealable to the court of appeals." *See* Tex. Prob. Code Ann. § 4A(c) (West 2010). And although the probate code does not define "final," the supreme court has adopted a test for determining when an order in a probate proceeding is final for appellate purposes. *See Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995) (stating that if there is an express statute declaring the phase of the probate proceedings to be final and appealable, that statute controls, and setting out test for

8

determining final orders otherwise).[4]  And the restriction at issue here is when *interlocutory* appeals—a very narrowly construed subphylum of appeal—are allowed and from which courts these appeals can be taken, not this court's jurisdiction in general to hear appeals.

### 3. Concurrent Jurisdiction in Denton County

Flower Mound also argues that because the probate court has concurrent jurisdiction with district courts in condemnation proceedings by virtue of its concurrent jurisdiction with statutory county courts in certain types of cases, and appeals in condemnation proceedings are to occur "as in other civil cases," the probate court here functions as a district court, bringing it "within the ambit of [section] 51.014(a)." *See* Tex. Gov't Code Ann. § 25.0635 (West 2004); Tex. Prop. Code Ann. § 21.063 (West 2000).  Further, it contends that because property code section 21.063(a) states that "[t]he appeal of a judgment in a condemnation proceeding is as in other civil cases," an interlocutory appeal

---

[4]We note that the recognized exception to the final judgment rule for probate proceedings does not apply here because this case is not a traditional "probate proceeding" as defined by the probate code.  *Cf. In the Estate of Frame*, No. 06-10-00073-CV, 2010 WL 2931242, at *1 (Tex. App.—Texarkana July 28, 2010, no pet.) (mem. op.) (citing *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)).  That is, a "probate proceeding," according to the probate code, "means a matter or proceeding related to the estate of a decedent," including probate of a will, issues of letters testamentary and of administration, heirship determination, a claim arising from estate administration, the settling of a personal representative's account of an estate, and a will construction suit.  Tex. Prob. Code Ann. § 3(bb) (West 2010); *see also Crowson*, 897 S.W.2d at 782–83 (discussing the difficulty in determining when a "particular phase" of a probate proceeding is concluded for purposes of immediate appeal).

under section 51.014 is permissible here.   *See* Tex. Prop. Code Ann. § 21.063(a).

Denton County currently has two statutory county courts at law[5] and one statutory probate court.   Tex. Gov't Code Ann. § 25.0631(a)(1)–(2), (b) (West 2004).   In addition to the "regular" statutory probate court jurisdiction over probate proceedings and matters arising under the health and safety code, under government code section 25.0635(d), Denton County's statutory probate court has jurisdiction over eminent domain cases as provided by property code section 21.001 for statutory county courts, "with all ancillary or pendent jurisdiction necessary for adjudication of an eminent domain case as provided by [s]ections 21.002 and 21.003"[6] of the property code.   *Id.* §§ 25.0021, 25.0635(d) (West

---

[5]Denton County Court at Law No. 1 gives preference to juvenile matters and criminal cases and does not have jurisdiction over civil, civil appellate, probate, or mental health matters or family law cases other than juvenile proceedings, while Denton County Court at Law No. 2 has jurisdiction over all civil causes and proceedings, original and appellate, prescribed by law for county courts but lacks jurisdiction over causes and proceedings concerning roads, bridges, and public highways, the general administration of county business, and criminal cases.   *See* Tex. Gov't Code Ann. § 25.0633(a), (c)–(f) (West 2004).

[6]Property code section 21.002 states that if an eminent domain case is pending in a county court and the court determines that the case involves an issue of title "or any other matter that cannot be fully adjudicated in that court, the judge shall transfer the case to a district court."   Tex. Prop. Code Ann. § 21.002 (West 2004).   Section 21.003 states that a district court may determine all issues in any suit in which the state or one of its political subdivisions, "a person, an association of persons, or a corporation is a party," and "that involves a claim for property or for damages to property occupied by the party under the party's eminent domain authority or for an injunction to prevent the party from entering or using the property under the party's eminent domain authority."   *Id.* § 21.003 (West 2004).

10

2004). Property code section 21.001 provides that district courts and county courts at law have concurrent jurisdiction in eminent domain cases. Tex. Prop. Code Ann. § 21.001 (West 2004). Property code section 21.063 states that "[t]he appeal of a judgment in a condemnation proceeding is as in other civil cases." *See id.* § 21.063 (West 2000).

### a. Government Code Section 25.0635

Government code section 25.0635 was enacted in 1995. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 328, § 3, 1995 Tex. Gen. Laws 2833, 2833–34 (amended 2001) (current version at Tex. Gov't Code Ann. § 25.0635). The 1995 version of the statute stated:

(a) A statutory probate court in Denton County has the jurisdiction provided by law for a county court except that the court does not have the juvenile jurisdiction, jurisdiction over misdemeanors under Section 26.045, habeas corpus jurisdiction, or appellate criminal jurisdiction provided by law for county courts. A statutory probate court has no criminal jurisdiction other than the contempt powers provided by general law for county courts.

(b) A statutory probate court has the civil jurisdiction provided by Section 25.0003 for statutory county courts.

(c) A statutory probate court has the jurisdiction provided by general law for county courts or statutory county courts over civil penalties, forfeitures, including surety bond forfeitures and escheats regardless of the amount in controversy or remedy sought.

(d) A statutory probate court has jurisdiction, regardless of the amount in controversy or remedy sought, over eminent domain cases as provided by Section 21.001, Property Code, for statutory county courts; direct and inverse condemnation cases; adjudication and determination of land titles, whether or not ancillary to eminent domain proceedings; partition cases; suits to quiet title; trespass to try title; lien foreclosures; and adjudication of all freehold and

11

leasehold interests, easements, licenses, and boundaries of real property; with all ancillary or pendent jurisdiction necessary for adjudication of an eminent domain case as provided by Sections 21.002 and 21.003, Property Code.

*Id*. Therefore, in 1995, the Denton County statutory probate court had jurisdiction that was more or less coextensive with that of the statutory county courts at law except for the specific exclusions set forth in subsection (a).  The bill analysis for the senate bill that became the 1995 statute supports this conclusion, stating that the reason behind the expansion of jurisdiction for the Denton County statutory probate court was "[d]ue to the increasing number of court cases each year, [for which] Denton County has had to modify the jurisdiction and structure of [the] courts to accommodate the crowded dockets" and, as proposed, the bill "create[d] an additional county court and modifie[d] other county courts to assume case overload."[7]  Comm. on Jurisprudence, Bill Analysis, Tex. S.B. 240, 74th Leg., R.S. (1995).

The legislature amended section 25.0635 in 2001.  *See* Act of May 23, 2001, 77th Leg., R.S., ch. 635, § 2, 2001 Tex. Gen. Laws 1197, 1197 (current version at Tex. Gov't Code Ann. § 25.0635).  The amendment deleted most of the 1995 statute's subsection (a) and all of subsections (b) and (c).  Subsection (d) remained unchanged.

---

[7]*See* Tex. Gov't Code Ann. § 311.023 (West 2005) (stating that, in construing statutes, we may consider the circumstances under which the statute was enacted, its legislative history, and its former statutory provisions, among other things).

Subsection (a) of the 2001 version of the statute, which remains the same in the most current version, was amended to read, "A statutory probate court in Denton County has the jurisdiction provided by Section 25.0021." *Id.* Section 25.0021 provides for regular statutory probate court jurisdiction over probate matters and some matters under the health and safety code.[8] Section five of the 2001 act provided that the Denton County statutory probate judge was to transfer "all actions, cases, matters, or proceedings over which the court loses jurisdiction under this Act and that are pending in the court on May 1, 2002, to a district or county court in the county with jurisdiction over the action, case, matter, or proceeding." *See* Act of May 23, 2001, 77th Leg., R.S., ch. 635, § 5, 2001 Tex. Gen. Laws 1198, 1198.

The bill analysis for the 2001 amendment reflects that it was generated in response to legislative recommendations that had already been implemented to limit statutory county court jurisdiction, which did not, at the time, have corresponding provisions for statutory probate court jurisdiction. Comm. on

---

[8]It also contains a provision stating that

[i]f this section conflicts with a specific provision for a particular statutory probate court or county, the specific provision controls, except that this section controls over a specific provision for a particular court or county if the specific provision attempts to create jurisdiction in a statutory probate court other than jurisdiction over probate, guardianship, mental health, or eminent domain proceedings.

Tex. Gov't Code Ann. § 25.0021.

13

Jurisprudence, Bill Analysis, SRC-JBJ Tex. H.B. 689, 77th Leg., R.S. (2001). The amendment was intended to limit statutory probate court jurisdiction to "matters of probate, guardianship, mental health, and eminent domain and delineate[d] the particular matters over which statutory probate courts have jurisdiction." *Id*. Therefore, while the Denton County statutory probate court's jurisdiction was once mostly coextensive with the statutory county court, after 2001, it no longer had the same reach. Although the probate court may have concurrent jurisdiction with district courts in condemnation proceedings, nothing in the statutory framework shows that the legislature intended the probate court to function as a district court to the extent that section 51.014(a)'s language would implicitly include "statutory probate court" in the list of courts from which interlocutory appeals may be taken.

### b. Property Code Section 21.063

Although Flower Mound argues that an interlocutory appeal is permissible here because property code section 21.063(a) states that "[t]he appeal of a judgment in a condemnation proceeding is as in other civil cases," not all civil cases qualify for an interlocutory appeal—only those that meet the requirements set out in civil practice and remedies code section 51.014 or other statutory provisions permitting interlocutory appeals. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014; *see also id*. § 15.003(c) (West Supp. 2010) (setting out procedure for interlocutory appeal in venue determination involving multiple plaintiffs and intervening plaintiffs), §§ 51.016 (West Supp. 2010), 171.098 (West 2011)

14

(allowing interlocutory appeals involving arbitration); *cf. Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment."). And again, while the probate court may have been functioning with the same authority as a county or district court in this matter, we have found no authority to allow us to write "probate court" into section 51.014(a) to allow an interlocutory appeal from the probate court's decision to deny Flower Mound's plea to the jurisdiction. *Cf. Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009) (op. on reh'g) ("Enforcing the law as written is a court's safest refuge in matters of statutory construction, *and we should always refrain from rewriting text that lawmakers chose*." (emphasis added)).

### 4. Precedent

Flower Mound also points out that this court and other courts of appeals have "routinely" found jurisdiction to exist in interlocutory appeals from probate courts under section 51.014(a). However, the particular issue of whether an interlocutory appeal may be brought under section 51.014(a)(8) from a probate court's denial of a plea to the jurisdiction does not appear to have arisen in most of these cases. *See, e.g., City of Carrollton v. HEB Parkway., Ltd.*, 317 S.W.3d 789, 790 (Tex. App.—Fort Worth 2010, no pet.) (addressing merits of city's appeal from the denial of its plea to the jurisdiction by the Denton County Probate Court without addressing jurisdictional issue); *Mobil Oil Corp. v. Shores*, 128 S.W.3d 718, 721 (Tex. App.—Fort Worth 2004, no pet.) (op. on reh'g)

15

(dismissing interlocutory appeal of Denton County Probate Court's denial of a plea to the jurisdiction under section 51.014(a)(8) because the appeal was brought by nongovernmental entities); *Denton County v. Huther*, 43 S.W.3d 665, 666–67 (Tex. App.—Fort Worth 2001, no pet.) (dismissing interlocutory appeal of probate court's denial of plea to the jurisdiction under section 51.014(a)(8) because county failed to timely perfect its appeal).

In addition to *Carrollton*, *Shores*, and *Huther*, we have found five other cases from this court involving interlocutory appeals from a probate court under section 51.014: *Maris v. Hendricks*, 262 S.W.3d 379, 381 (Tex. App.—Fort Worth 2008, pet. denied); *Allen v. Havens*, No. 02-05-00318-CV, 2007 WL 805477, at *1 (Tex. App.—Fort Worth Mar. 15, 2007, no pet.) (mem. op.); *Shell Cortez Pipeline Co. v. Shores*, 127 S.W.3d 286, 288 (Tex. App.—Fort Worth 2004, no pet.); *Armstrong-Bledsoe v. Smith*, No. 02-03-00323-CV, 2004 WL 362293, at *1 (Tex. App.—Fort Worth Feb. 26, 2004, no pet.) (mem. op.); and *Mobil Oil Corp. v. First State Bank of Denton*, No. 02-02-00119-CV, 2004 WL 1699928, at *1 (Tex. App.—Fort Worth July 29, 2004, no pet.) (mem. op.). *Shell Cortez* and *First State Bank* are the only cases in which one of the parties raised this court's jurisdiction to hear an interlocutory appeal under section 51.014 from the probate court.[9] However, we dismissed *First State Bank*, an attempted

---

[9]Maris brought an interlocutory appeal of the probate court's order denying his motion to dismiss the deceased Hendricks's health care liability claims, under section 51.014(a)(9) and section 74.351. *Maris*, 262 S.W.3d at 381–82. No one raised an issue with regard to this court's jurisdiction to hear this interlocutory

16

interlocutory appeal of the probate court's class certification order under section 51.014(a)(3), for want of jurisdiction as moot without discussing whether we had jurisdiction over the interlocutory appeal under section 51.014. 2004 WL 1699928, at *1.

Shell Cortez also brought an interlocutory appeal from the probate court's class certification ruling under section 51.014(a)(3). *Shell Cortez*, 127 S.W.3d at 288. While we ultimately held that the probate court did not have subject matter jurisdiction over the class claims at issue, in response to the appellees' argument that this court did not have jurisdiction to review the interlocutory appeal, we held that this court had subject matter jurisdiction to review the probate court's subject matter jurisdiction under section 51.014(a)(3). *Id.* at 288, 290, 292. Specifically, this court stated,

> [W]e are authorized to review the trial court's authority or jurisdiction to enter the very order appealed here: the class certification order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3); *Cook United, Inc.*, 464 S.W.2d at 106; *Carp*, 343 S.W.2d at 243; *Letson*, 979 S.W.2d at 417; *Air Prods. & Chems., Inc.*, 594 S.W.2d at 221–22. To hold otherwise would nonsensically preclude our review of a fundamental tenet—subject matter jurisdiction—underlying an order the legislature has statutorily authorized us to review. We hold that

appeal. *Id*. In *Allen*, an estate's administrator who was the deceased's surviving spouse, brought an interlocutory appeal of the probate court's order granting a special appearance under section 51.014(a)(7). 2007 WL 805477, at *1–2. Again, it does not appear that either party raised an issue with regard to this court's jurisdiction to hear the interlocutory appeal. *See id*. And in *Armstrong-Bledsoe*, a trustee brought an interlocutory appeal under section 51.014(a)(4) from a temporary injunction order issued by the probate court to compel an accounting. 2004 WL 362293, at *1. No one raised an issue with regard to this court's jurisdiction to hear the interlocutory appeal. *See id*.

17

we have jurisdiction in this section 51.014(a)(3) class certification appeal to address whether the statutory probate court has subject matter jurisdiction over the class claims.[10]

*Id.* at 292.

We have reviewed the cases cited in this key provision. *Cook United* involved an appeal of a temporary injunction from a Tarrant County district court. *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971). *Carp* involved an appeal of a temporary injunction from a Dallas County district court. *Tex. State Bd. of Examiners v. Carp*, 162 Tex. 1, 343 S.W.2d 242, 243 (1961). *Letson* involved an appeal of a temporary injunction from a Potter County district court. *Letson v. Barnes*, 979 S.W.2d 414, 416 (Tex. App.—Amarillo 1998, pet. denied). And *Air Products* involved an appeal of a temporary injunction from a Travis County district court. *R.R. Comm'n of Tex. v. Air Prods. & Chems., Inc.*, 594

---

[10]The dissent in *Shores* discussed this provision, stating,

> The *Shell Cortez Pipeline* interlocutory class certification appeal was filed pursuant to civil practice and remedies code section 51.014(a)(3). The legislature in section 51.014 granted us general appellate jurisdiction over any appeal "from an interlocutory order" set forth in section 51.014. We held in the *Shell Cortez Pipeline* class certification appeal that civil practice and remedies code section 5[1].014's general statutory grant of appellate jurisdiction implicitly conferred upon us the power to review the trial court's subject matter jurisdiction to enter the class certification order being appealed. Specifically, we held that "when an appellate court is granted jurisdiction to review an *interlocutory order* or *judgment*, that jurisdiction encompasses a review of the validity of the . . . trial court's authority or jurisdiction to enter the appealable interlocutory order."

128 S.W.3d at 727 (Walker, J., dissenting) (citations omitted).

S.W.2d 219, 221–22 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.). None of these cases provides a basis for concluding that an interlocutory appeal may be taken from a statutory probate court.[11]  *See, e.g., In re United Servs. Auto. Ass'n*,

---

[11]To the contrary, the *Cook* court refers us to *Carp*.  *See Cook*, 464 S.W.2d at 106.  The *Carp* court states that the supreme court "would have jurisdiction of an appeal from a final judgment in the main case out of which the application for a temporary injunction grew, and therefore has jurisdiction to review by writ of error the action of the trial court in granting such injunction," and refers us to "*Southwest Weather Research, Inc. v. Jones, Tex.*, 327 S.W.2d 417, and authorities there cited."  343 S.W.2d at 243.  In *Southwest Weather Research*, the supreme court stated that it had previously held

> by virtue of the provisions of said Article 4662, [that this court] 'has jurisdiction to review, by writ of error, the ruling of the trial court in granting or refusing a temporary injunction where the main case out of which the application for injunction grew is one over which the Supreme Court has jurisdiction.  This Court clearly has jurisdiction of the main cases out of which the temporary injunctions were issued.

160 Tex. 104, 327 S.W.2d 417, 418 (Tex. 1959) (citations omitted).

However, in a subsequent case, *Hajek v. Bill Mowbray Motors, Inc.*, 647 S.W.2d 253 (Tex. 1983), the court revisited its statement in *Southwestern Weather Research* about article 4662—"the temporary injunction appeal statute," which had specifically provided, "Such case may be heard in the Court of Civil Appeals or Supreme Court . . . ."  647 S.W.2d at 254 (citing former Tex. Rev. Civ. Stat. Ann. art. 4662 (West 1925)).  In *Hajek*, the court observed that the legislature had amended article 4662 in 1981 to state that a party "may [only] appeal from such order or judgment to the Court of Appeals," limiting the supreme court's jurisdiction over appeals from the granting or denying of a temporary injunction.  *Id.*  The court then set out the two exceptions to its inability to review court of appeals decisions reviewing interlocutory orders made appealable to the court of appeals:  when there is a dissent upon a question of law material to the decision or when the court of appeals's holding on a material question of law conflicts with a prior decision of another court of appeals or the supreme court.  *Id. at* 254–55 ("This general rule now applies to temporary injunctions, since the legislature no longer designates them a special type of interlocutory order appealable to this Court.").

307 S.W.3d 299, 303 (Tex. 2010) (orig. proceeding) ("Appellate rights can vary depending on which court a case is filed in, even among trial courts with concurrent jurisdiction, and even when the same judge in the same courtroom presides over two distinct courts.").[12]

## 5. Policy

Finally, Flower Mound complains that to hold in favor of Mockingbird with a literal construction of section 51.014(a) would "lead to absurd consequences that could not have been intended by the Legislature, and [would be] contrary to the purpose of this interlocutory appeal statute, which is to provide an appellate remedy for certain orders when public policy dictates."  We acknowledge that it may have been a legislative oversight not to add "statutory probate court" to the list of courts from which interlocutory orders may be appealed via section 51.014—in fact, it seems likely, under the circumstances, as medical malpractice cases brought by heirs of a deceased and condemnation proceedings involving governmental entities can both occur in the probate courts[13]—however, we are

---

[12]Flower Mound also directs us to *In re Estate of Trevino*, 195 S.W.3d 223 (Tex. App.—San Antonio 2006, no pet.) (op. on reh'g), *State v. Fernandez*, 159 S.W.3d 678 (Tex. App.—Corpus Christi 2004, no pet.), and *Smith v. Lanier*, 998 S.W.2d 324 (Tex. App.—Austin 1999, pet. denied), but in these interlocutory appeals from probate courts, the courts of appeals either did not explain why an interlocutory appeal was permissible under section 51.014(a) or did not address their jurisdiction under section 51.014(a) at all.

[13]The underlying facts of this case—an entity with condemnation authority attempting to take public property from a town—are unlikely to have arisen before in the probate court, and Flower Mound has argued that the merits of this case present an issue of first impression.

20

constrained by the statutory language and history as set out above to conclude that an interlocutory appeal is not permitted here. *See id*.; *see also Huther*, 43 S.W.3d at 667 n.2 (stating that subject matter jurisdiction may be raised for the first time on appeal).

## E. Conclusion

While this court has a duty to determine its jurisdiction *sua sponte*, without guidance from the parties, as illustrated above, it can be challenging to determine when jurisdiction is lacking. Nonetheless, based on the plain language of section 51.014(a), the 2005 amendments, and the new 2011 amendments, the legislature has clearly demonstrated that it knows how to modify the language of this particular statute when it so desires. This statutory background, combined with the legislature's history of expanding and then contracting the jurisdiction of the statutory probate court in Denton County, supports dismissing the appeal for want of jurisdiction. *See Presidio Indep. Sch. Dist.*, 309 S.W.3d at 930 (stating that clear statutory text is determinative of the legislature's intent). To the extent we have held otherwise in prior interlocutory appeals from the Denton County Probate Court, these jurisdictional determinations were incorrect. We grant Mockingbird's motion to dismiss.

## IV.  Conclusion

Having granted Mockingbird's motion to dismiss, we dismiss the appeal for want of jurisdiction.


                                        BOB MCCOY
                                        JUSTICE

PANEL:  GARDNER and MCCOY, JJ; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DELIVERED:  October 13, 2011